

# THE ATTORNEY GENERAL
## OF TEXAS

**GERALD C. MANN**
~~XXXXXXXXXXXXXXXXXXX~~
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Honorable Homer Garrison, Jr.
Director, Department of Public Safety
Camp Mabry
Austin, Texas

Dear Mr. Garrison:

> Opinion No. O-1049
> Re: Disposition of fees
> collected under H. B.
> No. 407, Acts of the
> Regular Session of the
> 46th Legislature.

   Your letter of June 27, 1939, addressed to this office, reads as follows:

   "House Bill #407 passed by the Regular Session of the 46th Legislature and known as the 'Certificate of Title Act' provides in part as follows:

   "'<u>Section 57</u>. Each applicant for a certificate of title or reissuance thereof shall pay to the designated agent the sum of Twenty-five (25¢) Cents which shall be forwarded to the Department together with the application for certificate of title within twenty-four (24) hours after same has been received by him and the Department shall return to the designated agent each month Ten (10¢) Cents for each application to which a certificate of title has been issued, and the balance shall be paid over to Treasurer of this State to be credited to the General Revenue Fund of this State.'

   "This Department desires an opinion on the following questions:

   "1. Should the entire 25¢ as provided in Section 57 be deposited in the State

Treasury and the 10¢ be returned to the County Tax Collector by State warrant?

"2. Should the Department of Public Safety deposit only 15¢ of the 25¢ collected in the State Treasury and deposit the 10¢ of the 25¢ collected in the banks and return the amount to the Tax Collectors by certified checks?

"3. Should the Department of Public Safety deposit 15¢ of the 25¢ collected in the State Treasury and return the 10¢ to the Tax Collector in any manner the Department might deem best?

"4. Should the Department of Public Safety deposit the entire 25¢ in the State Treasury and remit nothing to the County Tax Collector if an application accompanied with a 25¢ fee is sent to the Department and a Certificate of Title is not issued?

"If the answer to Question No. 1 is in the affirmative, then:

"5. Would the Tax Collector have to assume the discount of a warrant drawn in his favor as his part of the fees collected for a month?"

House Bill No. 407 is a comprehensive Act consisting of 66 sections and is known as the "Certificate of Title Act." Its purpose is declared by Section 1 to be "to lessen and prevent the theft of motor vehicles, and the importation into this State of and traffic in stolen motor vehicles, and the sale of encumbered motor vehicles without the enforced disclosure to purchaser of any and all liens for which any such motor vehicles or the tires, radios, parts, or appliances thereof stands as security." Its provisions are designed to effectuate that purpose by a system of applications for and the issuance of certificates of title to "every kind of motor driven or propelled vehicle now or hereafter required to be registered or licensed under the laws of the State." By its provisions applications for certificate of title must be filed with "County Tax Collector" (s) who are designated as agents. A copy of an application, together with copies of all

accompanying title papers offered in support thereof, is sent by the agent, together with the application fee of twenty-five cents collected from the applicant, to the Department of Public Safety, which may alone issue such a certificate of title. Section 57 provides for the distribution and disposition of the fee so collected and remitted. The questions you have submitted call for a construction of this section.

We have examined said section in connection with the provisions of the entire Act and especially with reference to Sections 1, 2, 13, 24, 25, 26, 27, 31, 32, 38 and 39. We have encountered no difficulty in arriving at what we believe to be the legislative intent as gathered from the words of the statute.

We answer your first question in the negative for two reasons. In the first place, it is made perfectly clear by the plain wording of Section 57 that only fifteen cents out of each fee of twenty-five cents is to be deposited in the State Treasury. In the next place, it is equally clear that ten cents of the fee is to be returned to the "county tax collector" that sends the fee to the Department. It is not state money but is considered as a fee belonging to the collector who sends it in and is to partly compensate him for services rendered and expenses incurred in performing prescribed duties. The Department holds this money, ten cents out of every fee collected in trust for the collector that remits it. The only reason we can assign for this procedure is found in our answer to your fourth question.

We answer your third question in the affirmative for this reason: The statute is silent as to how these remittances are to be made. They must be made each month but that is the only requirement. This answer makes it unnecessary to answer your second question.

We answer your fourth question as follows: The pertinent part of the particular section under examination provides that "the Department shall return to the designated agent ('county tax collector') each month Ten (10) cents for each application to which a certificate of title has been issued." The Department may refuse to issue a certificate of title for any of the reasons named in Section 38. An applicant so denied such a certificate is given the right to appeal

to the county tax collector of the county of his domicile for a hearing on his application. If his application is by the collector denied, he may, within five days, but not thereafter, appeal to the county court of the county of his residence. The procedure to be followed in such cases is set out in Section 39. It is not clear whether further appeal is contemplated from the judgment of the county court.

It is our opinion that when an application has been finally denied that all of the fee of twenty-five cents becomes the money of the State and should be deposited in the State Treasury. The Department is not authorized to remit any part of said fee except where a certificate of title is issued by it. However, ten cents out of every fee where the certificate of title is refused should not be deposited in the Treasury until after it has been determined that no appeal will be taken, or if taken until the case is finally disposed of and it has been definitely decided that no certificate will be issued. For, if the money is once in the Treasury, it cannot be withdrawn except by a direct legislative appropriation.

We call your attention to the concluding paragraph of Section 57, not quoted in your letter, which reads:

"No money collected under this Act shall ever be expended except by a direct appropriation of the Legislature and such appropriation shall never exceed that amount which was collected under this Act in the preceeding two years."

The above provision applies only to the State's part of the fees collected. It has no application whatever to the ten cents to be returned to the collector.

Our answer to your first question makes it unnecessary to answer your fifth and last question.

Hoping we have given you the information requested, we are

BWB:LM:lm
APPROVED JUL 6, 1939
/s/ W. F. Moore
FIRST ASSISTANT
ATTORNEY GENERAL

Yours very truly
ATTORNEY GENERAL OF TEXAS
By /s/ Bruce W. Bryant
Bruce W. Bryant
Assistant

APPROVED OPINION COMMITTEE BY /s/ R.W.F., CHAIRMAN